# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SERGEY MKHITARYAN and SUREN MKHITARYAN,<br><br>  Plaintiffs,<br><br>v.<br><br>U.S. BANCORP, et al.,<br><br>  Defendants. | 2:11-CV-1055 JCM (CWH) |

### ORDER

Presently before the court is defendant U.S. Bank's motion to dismiss the plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claim. (Doc. #13). The plaintiffs Sergey Mkhitaryan ("Sergey") and Suren Mkhitaryan ("Suren") have responded (doc. #21), and the defendant has replied (doc. #22).

The instant dispute stems from the repossession of Sergey's vehicle by co-defendant Speedy Recovery, Inc. ("Speedy"). The repossession agent allegedly trespassed and terrorized the plaintiffs with his baseball bat in order to repossess the vehicle. (Complaint ¶ 26 through ¶ 32). Plaintiffs allege one federal claim against defendants for violation of the FDCPA. The plaintiffs' state law claims for relief against the defendants include: (1) negligent hiring, (2) assault, (3) intentional infliction of emotional distress, and (4) negligent infliction of emotional distress.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

## DISCUSSION

Defendant U.S. Bank's present motion to dismiss (doc. # 13) asserts that the claim for violation of the FDCPA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted.

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper when a complaint fails to state a claim upon which relief can be granted. In order for a plaintiff to survive a 12(b)(6) motion, he must "provide the grounds for [] entitlement to relief [which] requires more than labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007). Under rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and must be more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal,* 129 S.Ct 1937, 173 L.Ed.2d 868 (2009), quoting *Twombly* at 555.

The FDCPA is intended to eliminate abusive debt collection practices by debt collectors and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C. 1592(e). A claim under this act requires the plaintiff to demonstrate that (1) the defendant is a "debt collector"; (2) the plaintiff is the object of collection activity from a consumer debt; and (3) the defendant engaged in some act or omission specifically prohibited by the act. *Dikun v. Streich,* 369 F. Supp. 2d 781, 184-85 (E.D. Va. 2005). Here, plaintiffs' fail to meet the first element.

The debt collection act imposes liability only on "debt collectors," that is "any person who uses instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debt, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). However, the statute's definition of "debt collector" excludes a person who collects a debt "to the extent that such activity...(ii) concerns a debt which was originated by such person," and excludes a person who collects debt that "concerns a debt obtained by such person as a

1  secured party in a commercial credit transaction involving the creditor." § 1692(F).

2  Furthermore, the FDCPA definition of "debt collector" does not include the consumer's

3  creditors. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). The FDCPA defines

4  "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is

5  owed."§ 1692(a)(4). U.S. Bank is the original creditor under the FDCPA, as it financed the

6  purchase of Sergey's vehicle.

7  Plaintiffs allege that, although "creditors" are not "debt collectors" under the act, there are

8  several factual situations in which "creditors" are liable as "debt collectors." However, none of

9  the authorities cited to in the plaintiffs' opposition (doc. #21), relate to the facts alleged in the

10 complaint.

11 In conclusion, the FDCPA does not apply to U.S. Bank because the bank is not a "debt

12 collector" as defined by the FDCPA and similar statutes. *Kenneweg v. IndyMac Bank, FSB*, 2011

13 WL 13853, *2 (D. Nev. Jan. 4, 2011) (holding the FDCPA inapplicable where defendants are not

14 debt collectors as defined in the statute). Thus, the motion to dismiss is granted as to this claim

15 for relief.

16 Accordingly,

17 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant U.S. Bank's

18 motion to dismiss (#13)   be, and the same hereby is, GRANTED.

19 DATED October 5, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -