# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SERGEY MKHITARYAN and SUREN MKHITARYAN,

        Plaintiffs,

v.

U.S. BANCORP, et al.,

        Defendants.

2:11-CV-1055 JCM (CWH)

## ORDER

Presently before the court is plaintiffs Sergey and Suren Mkhitaryan's motions to amend the complaint. Docs. #38 and 54. Defendants U.S. Bank, Speedy Recovery, Inc. and Dennis McGee have filed oppositions (docs. #48, 67, and 68), to which plaintiffs have replied (doc. #51).

**I.      Background**

The instant dispute stems from the repossession of Sergey Mkhitaryan's vehicle by defendant Speedy Recovery, Inc. The repossession agent, defendant McGee, allegedly trespassed and terrorized the plaintiffs with his baseball bat in order to repossess the vehicle.

This court previously dismissed plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claim, while leaving the remaining state law claims intact. Doc. #25. The parties stipulated to the filing of an amended complaint on January 11, 2012. The court granted the stipulation (doc. #31), and the amended complaint was filed on January 25, 2012 (doc. #34).

**James C. Mahan**
**U.S. District Judge**

Plaintiffs then filed a motion seeking leave to file a third amended complaint. Doc. #38.[1] Prior to this court having an opportunity to rule on that motion, plaintiff moved to file a fourth amended complaint. Doc. #54. As the fourth amended complaint would supersede the third amended complaint, the court saw it prudent to rule on both motions at the same time. The motion seeking leave to file a fourth amended complaint has recently become ripe for the court's consideration.

As an initial matter, the court clarifies that discovery in this case concluded on June 15, 2012. *See* Doc. #49. The deadline to amend the pleadings was 90 days prior to the close of discovery. *See* Doc. #24. Accordingly, the deadline for amending the pleadings was March 17, 2012. The motion seeking leave to file a third amended complaint was filed March 8, 2012. The motion seeking leave to file a fourth amended complaint was filed June 5, 2012.

**II.     Discussion**

*A. Legal Standard*

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182. Thus, a district court should deny a motion to amend where the amendment is

---

[1] Plaintiffs apparently filed the same motion twice, *see* docs. #37 and #38. Plaintiffs never explained the duplicate filing, and thus the clerk of the court was left with no direction as to which document was the operative motion. After review, the court finds that document #38 is the intended motion. Plaintiff should have withdrawn document #37, its failure to do so has resulted in a confused docket and a several duplicative filings. Should plaintiffs' counsel continue to make such improper filings, the court will order that counsel complete a CM/ECF training tutorial and provide certification that he is familiar with Electronic Filing Procedures, Best Practices, and the Civil & Criminal Events Menu that are accessible on this court's website, www.nvd.uscourts.gov.

**James C. Mahan**
**U.S. District Judge**

- 2 -

an "exercise in futility." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). In addition to the Rule 15(a) requirements, the local rules of federal practice in the District of Nevada require that a plaintiff submit a proposed, amended complaint along with a motion to amend. LR 15-1(a).

However, "where a party seeks to amend a pleading after the pretrial scheduling order's deadlien for amending the pleadings has expired, the moving party must satisfy the 'stringent good cause standard under Federal Rule of Procedure 16, not the more liberal standard under Rule 15(a).'" *Fremont Investment & Loan v. Beckley Singleton, Chtd.*, 2007 U.S. Dist. LEXIS 30234, Case No. 2:03-cv-1406-PMP-RJJ, *14 (D. Nev. April 24, 2007 (quoting *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006).

Here, plaintiffs have filed two independent motions seeking leave to amend. The motion seeking leave to file a third amended complaint was filed within the applicable time frame set by the scheduling order. Thus, the court will analyze the request to add a conversion cause of action under the more liberal Rule 15(a) standard. *See Foman*, 371 U.S. at 182. The motion seeking leave to file a fourth amended complaint, however, was filed several months late. Consequently, the more stringent Rule 16 standard applies to that motion and its five additional proposed causes of action. *See Amerisource*, 465 F.3d at 952.

*B. Analysis*

Conversion

The court finds no reason to depart from the liberal amendment standard outlined by the Supreme Court in *Foman* with regards to the amendment proposed by the third amended complaint. Defendant's spill much ink arguing that the amendment is futile and should be disallowed on that basis alone. While not passing judgment on the ultimate likelihood of success, the court finds that plaintiffs have alleged sufficient facts to state a claim for conversion.

First, the cases cited by defendants are inapposite. In *Bellanger v. Health Plan of Nev., Inc.*, 814 F. Supp. 914 (D. Nev. 1992), the court denied a motion seeking leave to amend a complaint, finding that the proposed amendment would expose the defendant to burdensome discovery and a

James C. Mahan
U.S. District Judge

- 3 -

1    deficient request for injunctive relief.  Here, it is unclear that any additional discovery would be
2    required, let alone discovery that is unduly burdensome.  Furthermore, no injunction is at issue.
3    Similarly, *Johnson v. Mammoth Recreations Inc.*, 957 F.2d 604 (9th Cir. 1992) is inapplicable as that
4    case applied the Rule 16 good cause standard to a motion seeking leave to amend after the deadline
5    for amendments had passed.

6    More importantly, defendants seek to establish futility by showing that they should ultimately
7    prevail on the conversion cause of action.  While this may – or may not – be true, such questions are
8    properly left to summary judgment.  The futility exception to *Foman* does not test the ultimate result
9    of a claim, just the ability of a party to plead and prosecute it.  As one leading treatise has explained,
10   "an amendment to a complaint is 'futile' where, ignoring the substantive merits of the claim, it is
11   legally insufficient on its face."  Am. Jur. Pleading § 731.  Further, to deny an amendment for
12   futility, "the amendment must be clearly insufficient or frivolous on its face, and the likelihood of
13   success on a new claim or defenses [thereto] is not a consideration for denying leave to amend a
14   pleading unless the claim is clearly frivolous."  *Id.*

15   In light of the liberal amendment policy codified in the Federal Rules and the opinions of the
16   Supreme Court, plaintiffs' motion seeking leave to amend the complaint and add a conversion cause
17   of action is granted.

18   <u>Remaining Amendments</u>

19   The additional five causes of action plaintiffs seek to add to the complaint (negligent hiring
20   and retention, civil RICO, false imprisonment, battery and trespass), however, are not subject to the
21   liberal Rule 15 standard.  Because plaintiffs delayed until after the amendment deadline lapsed in
22   seeking leave to add these causes, the more stringent Rule 16 standard controls this court's analysis.
23   *See Amerisource*, 465 F.3d at 952.

24   Plaintiffs have completely ignored the good cause requirement of Rule 16.  They have not
25   shown *any* cause as to why the court should allow them to amend their pleadings after discovery has
26   already closed.  Further, plaintiffs should have been on notice regarding the majority of these causes
27   of action since the inception of this litigation.  For example, plaintiffs waited until after discovery
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1 closed to add a trespass cause of action to the complaint. However, plaintiffs' initial complaint, filed over a year before the proposed amendment, alleged that the repossession agent entered the plaintiffs' residence without permission (Doc. 1, ¶¶ 22-23) and was cited by the Las Vegas Metropolitan Police Department for criminal trespass (*id.* at ¶ 32). Indeed, one of the grounds upon which plaintiffs' alleged that defendants violated the FDCPA was due to defendants' "trespass." *Id.* at ¶ 39(b). Plaintiffs could have, and should have, pled a trespass cause of action earlier in the litigation. There is simply no reason why they are just now moving to add such a claim. Similarly, plaintiffs would have known at the very onset of this action whether they were the victims of a battery or were falsely imprisoned.

Moreover, the court finds that plaintiffs fail to pass muster under the much more lenient Rule 15 standard with regard to these amendments. As already explained, plaintiffs have waited nearly four months *after* the deadline to bring such a motion. *See Foman*, 371 U.S. at 182 (undue delay is grounds for denying leave to amend). Furthermore, the proposed amended complaint filed in connection with the motion establishes that plaintiffs have completely ignored this court's order dismissing the FDCPA claim as to U.S. Bank. This is not the first or second, but the third time plaintiffs have furnished a proposed amended complaint alleging a violation of the FDCPA as against U.S. Bank. The court granted U.S. Bank's motion to dismiss the FDCPA claim on October 5, 2011. Thus, while the FDCPA claim continued to exist as to defendants Speedy Recovery and Mr. McGee, U.S. Bank was no longer a proper party to the first cause of action. Thereafter, on January 25, 2012 (doc. #34), March 8, 2012 (docs. #37 and 38), and June 5, 2012 (doc. #54), plaintiffs filed amended (doc. #34), or proposed amended (docs. #37, 38, and 54) complaints seeking to hold U.S. Bank accountable under the FDCPA claim, without amending the complaint to address this court's rationale in dismissing the claim against U.S. Bank. Such continued conduct is grounds to deny leave to amend a fourth time. *Foman*, 371 U.S. at 182 (repeated failure to cure deficiencies by amendments previously allowed grounds for denying leave to amend).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

1   Accordingly,

2   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion seeking
3   leave to file a third amended complaint (doc. #38) be, and the same hereby is, GRANTED.

4   IT IS THEREFORE ORDERED that plaintiffs' proposed amended complaint (doc. #38-3)
5   be filed forthwith.  It is understood that consistent with the discussion above, as well as this court's
6   previous orders, the FDCPA claim is dismissed as to U.S. Bank and U.S. Bank only.

7   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion seeking
8   leave to file a fourth amended complaint (doc. #54) be, and the same hereby is, DENIED.

9   IT IS THEREFORE ORDERED that plaintiffs' motion for partial summary judgment (doc.
10  #71) is DENIED as moot.  Plaintiffs may refile a motion that does not contain evidence or argument
11  speaking to causes of action that are not included in the operative third amended complaint.

12  DATED July 26, 2012.

            _____
            **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**