UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| SERGEY MKHITARYAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | 2:11-cv-01055-JCM-CWH |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| U.S. BANK, N.A., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    This matter came before the Court on the parties' Joint Status Report Regarding Expert Witness Discovery (#103), filed September 17, 2012.

    On August 15, 2012, the undersigned conducted a hearing in which the discovery deadlines for the negligent hiring and retention claim were set as follows: discovery cut-off on September 24, 2012, expert witness disclosures on October 24, 2012, rebuttal expert witness disclosures on November 23, 2012, dispositive motions on December 24, 2012, and joint pretrial order on January 23, 2012.

    The parties filed a joint status report indicating that there is a need for expert discovery on the negligent hiring and retention claim and seek a 60-day extension of the discovery cut-off deadline. More specifically, the parties request that the 60 days commence at the resolution of expert witness disclosures issues. The Court has reviewed the report and finds that it does not comply with LR 26-4. "All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than 21 days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect." LR 26-4 (emphasis added). The parties' only explanation of the 60-day extension for expert witness discovery is that they need time to schedule and complete depositions. The parties failed to

specify which depositions need to be conducted, what efforts have been made to schedule those depositions, and why they cannot be completed in the allotted time. Additionally, the parties acknowledge that expert witness disclosures are due on October 24, 2012, but raise the possibility of a dispute over the sufficiency of those disclosures. As a result, the parties seek to commence the additional 60 days of expert discovery after the resolution of a possible expert witness disclosure dispute. The Court finds that the mere possibility of a dispute is not sufficient justification to extend the discovery period.

Similarly, the parties' justification for an extension of the dispositive motion deadline until 60 days after the completion of expert witness discovery is insufficient. The parties provided no good cause reason for why the extension is needed. Consequently, the Court finds an extension to the dispositive motions deadline is not warranted at this time. Additionally, at the August 9, 2012 hearing, the Court indicated that a discovery period of approximately 90 days would be sufficient for the negligent hiring and retention claim. The parties have not presented any facts to support an extension to that schedule.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that parties' Joint Status Report Regarding Expert Witness Discovery (#103), which requests extensions to the discovery cut-off and dispositive motions deadlines is **denied without prejudice**.

DATED this 18th day of September, 2012.

                                                                                 _____
                                                                                 C.W. Hoffman, Jr.
                                                                                 United States Magistrate Judge