# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SERGEY MKHITARYAN, *et al.*, | ) |
|       Plaintiffs, | )    2:11-cv-01055-JCM-CWH |
| vs. | )    **ORDER** |
| U.S. BANK, N.A., *et al.*, | ) |
|       Defendants. | ) |

      This matter is before the Court on Plaintiffs' Application for Attorneys' Fees (#95), filed on August 22, 2012.  The Court also considered Defendants' Response (#101), filed on September 14, 2012, and Plaintiffs' Reply (#107), filed on September 24, 2012.  This matter is also before the Court on Defendants' Motion for Attorneys' Fees (#102), filed on September 14, 2012.  The Court also considered Plaintiffs' Response (#108), filed on September 24, 2012, and Defendants' Reply (#114), filed on October 4, 2012.

## BACKGROUND

      This action stems from the repossession of Plaintiff Sergey Mkhitaryan's vehicle by Defendant Speedy Recovery, Inc.  The repossession agent, Defendant Dennis Lyon McGee, allegedly trespassed and terrorized Plaintiff with his baseball bat to complete the repossession.  On August 9, 2012, the Court held a hearing regarding three motions filed by Plaintiffs including: Motion to Compel/Motion for Sanctions Against Defendant Speedy Recovery, Inc. (#52), filed on May 22, 2012, Motion to Compel/Motion for Sanctions Against Defendant Dennis Lyon McGee (#53), filed on May 30, 2012, and Second Motion to Compel/Motion for Sanctions Against Defendant Speedy Recovery, Inc. and Defendant Dennis Lyon McGee (#81), filed on August 1, 2012.  The Court granted in part and denied in part all three motions.  Plaintiffs filed an application for attorneys' fees on August 22, 2012 requesting $25,300 for 92 hours of work.  In response,

Defendants filed a counter-motion for attorneys' fees requesting $11,979.50 for 42.1 hours of work.

## **DISCUSSION**

Federal Rule of Civil Procedure 37(a)(5)(A) states, "[T]he court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." An award of expenses is not appropriate if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the opposing party's non-disclosure, response, or objection was substantially justified, or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i-iii). The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified. *See* Adv. Comm. Notes to 1970 Amendment to former Fed. R. Civ. P. 37(a)(4). Discovery conduct is "substantially justified if it is a response to a 'genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Continental American Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). Further, if a motion is "granted in part and denied in part, the court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added).

The Court notes that Plaintiffs failed to cite any authority under which they are applying for fees and expenses. In contrast, Defendants contend that Plaintiffs are not entitled to a mandatory award of expenses under Rule 37(a)(5)(A), but rather, apportionment of reasonable expenses is appropriate under Rule 37(a)(5)(C) because each motion was granted in part and denied in part. The same factors guide the court's decision under both subsections, but the primary difference is that under Rule 37(a)(5)(C) an award of fees is discretionary.

Plaintiffs argue that their request for expenses should be granted without apportioning any expenses for several reasons. First, they filed 435 pages in connection with the three motions to document Defendants' discovery abuses, which speaks to the extensive meet and confer efforts they made prior to filing the motions. Second, Plaintiffs allege that the Court granted more of the motions than Defendants' described in their response and the motions were substantially justified

given the significant number of items that the Court ordered produced.  Third, their requested expenses are reasonable given that Defendants billed more for less pages.  In contrast, Defendants contend that it would be unjust to award expenses against them for a couple of reasons.  First, Defendants allege that the Court upheld more of their objections than the portions of the motions that it granted.  Second, Plaintiffs' requested expenses are excessive given the level of experience that Plaintiffs' counsel has.

After carefully reviewing the briefing and the August 9, 2012 hearing, the Court finds that it would be unjust to award expenses under the circumstances.  The Court considered the considerable documentation submitted by each side in connection with the three discovery motions.  In doing so, the Court finds Plaintiffs' motions to compel/for sanctions were substantially justified.  On the other hand, Defendants prevailed on many of their objections to the motions and highlighted the fact the number of hours billed by Plaintiffs' counsel were excessive given the nature of the dispute and his experience.  Additionally, the parties failed to propose a reasonable apportionment scheme, but rather, indicated that the number of pages or net favorable rulings should be the measurement utilized.  However, as the Court noted on the record at the August 9, 2012 hearing, some items had been produced prior the hearing and some of the disputes could have been resolved with more effective meet and confer efforts.  Accordingly, the Court finds it appropriate to exercise its discretion to apportion the expenses by having each side bear their own expenses.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Application for Attorneys' Fees (#95) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Attorneys' Fees (#102) is **denied**.

DATED this 13th day of November, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**