# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SERGEY MKHITARYAN, *et al.*, | ) |
|     Plaintiffs, | ) 2:11-cv-01055-JCM-CWH |
| vs. | ) **ORDER** |
| U.S. BANK, N.A., *et al.*, | ) |
|     Defendants. | ) |

This matter is before the Court on Plaintiffs' Motion for Sanctions/Motion to Strike Defendant Dennis Lyon McGee's Answer (#100), filed on September 5, 2012. The Court also considered Defense Counsel's Declaration (#105), filed on September 21, 2012, Defendants' Response (#106), filed on September 21, 2012, Plaintiffs' Reply (#113), filed on October 1, 2012, Defense Counsel's Declaration (#117), filed on October 23, 2012, and Defendants' Objections to Plaintiff's Reply (#118), filed on October 23, 2012. This matter is also before the Court on Plaintiff's Motion for Sanctions/Motion to Strike Defendant Speedy Recovery Inc.'s Answer (#109 and #110), filed on September 24, 2012. The Court also considered Defendants' Response (#115), filed on October 11, 2012, and Plaintiff's Reply (#116), filed on October 17, 2012.

## BACKGROUND

This action stems from the repossession of Plaintiff Sergey Mkhitaryan's vehicle by Defendant Speedy Recovery, Inc. The repossession agent, Defendant Dennis Lyon McGee, allegedly trespassed and terrorized Plaintiffs with his baseball bat to complete the repossession. On August 9, 2012, the Court held a hearing regarding three motions filed by Plaintiffs including: Motion to Compel/Motion for Sanctions Against Defendant Speedy Recovery, Inc. (#52), filed on May 22, 2012, Motion to Compel/Motion for Sanctions Against Defendant Dennis Lyon McGee (#53), filed on May 30, 2012, and Second Motion to Compel/Motion for Sanctions Against Defendant Speedy Recovery, Inc. and Defendant Dennis Lyon McGee (#81), filed on August 1,

2012. The Court granted in part and denied in part all three motions (#91). Subsequently, Plaintiff filed two motions to compel/motions for sanctions on September 5, 2012 and September 24, 2012. Plaintiff contends that Defendants are refusing to comply with the Court's Order #91 compelling Defendants to provide responses as stated on the record at the August 9, 2012 hearing. Defendants argue that they have complied with Order #91 and they have not engaged in a new failure or refusal to comply with discovery requests.

## DISCUSSION

Federal Rule of Civil Procedure 37 governs discovery disputes and sanctions stemming therefrom. Rule 37(b)(2)(A) states, "If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Imposition of discovery sanctions pursuant to Rule 37 is committed to the court's discretion. *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976). Rule 37 allows for the authorization of any remedy the court determines is "just" when a party fails to obey a court order. *See Societe International Pour Participations Industrielles Et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 207 (1958) (finding dismissal of complaint with prejudice not justified when failure to comply was due to inability); *see also Marquis v. Chrysler Corp.*, 577 F.2d 624, 641-642 (9th Cir. 1978) (awarding the payment of reasonable expenses for the failure to obey a court order to produce documents). In appropriate situations, the Court may find that a severe sanction is necessary to prevent some benefit to the sanctioned party. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 639 (1976) (finding that extreme sanction of dismissal was appropriate due to respondents' flagrant bad faith and their counsel's callous disregard of responsibilities).

Plaintiffs' motions are premised on the argument that Defendants have not complied with the undersigned's prior Order #91 requiring Defendants to amend or supplement their responses. Plaintiffs provide an extensive summary of the alleged discovery abuses to support their request for the severe sanction of striking Defendants' answers. More specifically, Plaintiffs contend that the following discovery is outstanding: (1) Defendant McGee's discharge documents, (2) Defendant McGee's copy of the CARS Manual, (3) Defendant McGee's criminal records, (4) Defendant

Speedy's supplemental responses to Interrogatories 23 and 25 and Requests for Production of Documents 27 and 28.

In contrast, Defendants contend that they have complied with Order #91 and Plaintiffs' motions for sanctions are not well-founded.[1] Defense counsel submitted a letter indicating that Defendant McGee provided a copy of the CARS Manual to Plaintiffs. *See* Declaration #117-1. Defense counsel also submitted a copy of Defendants' Amended Fifth Supplemental Disclosures Pursuant to Rule 26(a)(1). *See* Declaration #105-1.

However, the Court notes that Defendant McGee did not provide a copy of the CARS Manual to Plaintiffs until after the Motion to Compel (#100) was filed. *See* Declaration #117-1. Additionally, Defendant McGee has not provided a copy of his discharge documents or criminal records. In fact, Defense counsel indicates that Defendant McGee has no personal interest in the outcome of this litigation as an explanation for his lack of compliance with the Court's Order #91. See Motion for Sanctions #100-1, 2. Consequently, the Court will grant Plaintiffs' Motion to Sanctions #100 in part and order Defendant McGee to produce a copy of his DD-214 Report for Separation from the military and criminal records as described at the August 9, 2012 hearing within fourteen (14) days of this Order. The Court will exercise its discretion and decline to issue a more severe sanction as detailed in Rule 37(b)(2)(A) at this time. It finds that those sanctions, including striking Defendant McGee's answer, are not "just" and proportionate to the situation. *Societe International*, 357 U.S. at 212. However, the Court cautions Defendant McGee that it may find that a severe sanction necessary in the future if he fails to comply with the fourteen day deadline set forth in this Order. Striking his answer may be appropriate if that happens as it would demonstrate flagrant "bad faith" and "callous disregard of responsibilities." *National Hockey League*, 427 U.S. at 639.

On the other hand, the Court notes that Defendants' Amended Fifth Supplemental Disclosures Pursuant to Rule 26(a)(1) address this Court's prior directive in Order #91 to provide

---

[1] The Court notes that Defense counsel argues that Plaintiffs show no good cause for relief under Rule 37(b)(1)(B), but this provision does not exist.

supplemental responses to Interrogatories 23 and 25 and Requests for Production of Documents 27 and 28.  Further, Plaintiffs' counsel states, "To see specifically what it is *particularly* that Defendant failed to produce, *the Court only needs to compare its Order ... with a copy of those documents that contain the entire universe of those documents that Defendants did produce by the Court's deadline*."  Plaintiffs' Reply #116, 5.  The Court is not persuaded that this is sufficient to satisfy Plaintiff's obligation to state with particularity the grounds for seeking an order.  See Fed. R. Civ. P. 7(b)(1)(B).  However, Defense counsel failed to provide sufficient information to convince the Court that Defendant Speedy provided a sample of its screening documents.  Therefore, the Court will grant Plaintiffs' Motions for Sanctions #109 in part and order Defendant Speedy to produce a sample of the screening documents it uses in the employee screening process within fourteen days of this Order.  As discussed above, the Court will exercise its discretion and decline to issue a more severe sanction as detailed in Rule 37(b)(2)(A) at this time.

Finally, neither party submitted an application for expenses.  Under Rule 37(b)(2)(c), the Court may deny an award of expenses if the failure to comply with the Court's Order was substantially justified or other circumstances make an award of expenses unjust.  Here, the Court finds that an award of expenses would be unjust as both motions were granted in part and denied in part.  Therefore, it is appropriate for the parties to bear their own expenses.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Sanctions/Motion to Strike Defendant Dennis Lyon McGee's Answer (#100) is **granted in part and denied in part.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (#109) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendant Speedy Recovery Inc.'s Answer (#110) is **denied.**

DATED this 29th day of November, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**