# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SERGEY MKHITARYAN, *et al.*,

        Plaintiffs,

vs.

U.S. BANK, N.A., *et al.*,

        Defendants.

2:11-cv-01055-JCM-CWH

**ORDER**

    This matter is before the Court on Plaintiffs' Motion for Reconsideration of Order #119 (#126), filed on December 21, 2013.  The Court also considered Defendants' Response (#134), filed on January 7, 2013 and Plaintiffs' Reply #139, filed on January 17, 2013.

## BACKGROUND

    This action stems from the repossession of Plaintiff Sergey Mkhitaryan's vehicle by Defendant Speedy Recovery, Inc.  The repossession agent, Defendant Dennis Lyon McGee, allegedly trespassed and terrorized Plaintiff with his baseball bat to complete the repossession.  On August 9, 2012, the Court held a hearing regarding three motions filed by Plaintiffs including: Motion to Compel/Motion for Sanctions Against Defendant Speedy Recovery, Inc. (#52), filed on May 22, 2012, Motion to Compel/Motion for Sanctions Against Defendant Dennis Lyon McGee (#53), filed on May 30, 2012, and Second Motion to Compel/Motion for Sanctions Against Defendant Speedy Recovery, Inc. and Defendant Dennis Lyon McGee (#81), filed on August 1, 2012.  The Court granted in part and denied in part all three motions.  On August 22, 2012, Plaintiffs filed an application for attorneys' fees requesting $25,300 for 92 hours of work.  In response, Defendants filed a counter-motion for attorneys' fees requesting $11,979.50 for 42.1 hours of work.  On November 13, 2012, the Court exercised its discretion to deny both applications and ordered each side to bear their own expenses.  *See* Order #119.  In the instant motion, Plaintiffs

request that the Court reconsider its Order #119 because they contend that the Court granted the fee application at the August 9, 2012 hearing and fees are warranted given Defendants' pattern of continuing discovery violations. *See* Pls. Mot. #126, 2.  In response, Defendants contend that Plaintiffs failed to meet the standard necessary for reconsideration and request the Court impose sanctions in the form of the expenses necessary to oppose the Motion.  *See* Defs. Resp. #134, 2.

## DISCUSSION

### A.  Standard for Reconsideration

While the Federal Rules of Civil Procedure do not explicitly recognize a petition for rehearing or motion to reconsider, the Ninth Circuit has recognized that the court has the inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958).  This authority is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case. *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998).

The Ninth Circuit has identified three circumstances in which a court should grant a motion for reconsideration: (1) the court is presented with newly discovered evidence, (2) the court has committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law." *Nunes v. Ashcroft,* 375 F.3d 805, 807–08 (9th Cir. 2004) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993)).  On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir. 1985).  A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. *See Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir. 1995); *Khan v. Fasano,* 194 F.Supp.2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").

Plaintiffs contend that reconsideration of Order #119 is warranted based on the second circumstance - the court has committed clear error or the initial decision was manifestly unjust.

2

They submit three main arguments in support of this basis for reconsideration. First, Plaintiffs allege that the Court indicated at the August 9, 2012 hearing that it was going to grant sanctions in the form of attorneys fees and costs associated the Plaintiffs' discovery motions. *See* Pls. Mot. #126, 5. As such, Plaintiffs allege that the Court was inconsistent in inviting Plaintiffs' application, but later denying an award of fees. Second, Plaintiffs contend that they properly submitted an application for fees not expecting Defendants to submit a counter-request for fees in their opposition. They indicate that Defendants' application was inappropriate and it confused the Court. *See* Pls. Mot. #126, 5. Third, Plaintiffs argue that there is significant justification for sanctioning Defendants. Indeed, Plaintiffs characterize the Court's Order #119 as finding that "there is no legal authority" for Plaintiffs' application despite the continuing discovery abuses that warrant sanctions under Federal Rule of Civil Procedure 37. *See* Pls. Mot. #126, 5-6.

In contrast, Defendants contend that there is no basis for reconsideration of Order #119. Defendants argue that Plaintiffs' Motion "merely rehashes the original arguments of the motions" that were fully evaluated by the Court. Defs. Resp. #134, 4. Further, Defendants contend that the Court properly exercised its authority under Rule 37(a)(5)(C) to apportion expenses given that the discovery motions were granted in part and denied in part.

After carefully considering all the arguments, the Court finds that Plaintiffs failed to demonstrate that the Court committed clear error or that is prior order was manifestly unjust. It will address all three of Plaintiffs' arguments below.

**B.     Invitation for Fee Application**

Plaintiffs incorrectly characterize the Court's statements during the August 9, 2012 hearing regarding sanctions. The Court invited Plaintiffs to submit an Application for fees and costs in accordance with Rule 37(a)(5)(A), which states, "[T]he court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (Emphasis added). Accordingly, the Court was required to allow Plaintiffs to submit an application for fees and expenses. However, this invitation was not a guarantee that the Court would grant the application. Indeed, Rule 37(a)(5)(A) lists three situations

in which an award is not warranted: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the opposing party's non-disclosure, response, or objection was substantially justified, or (3) other circumstances make an award of expenses unjust. The Court carefully considered Plaintiffs' application in accordance with these three exceptions. It found that an award would be unjust given that Defendants prevailed on numerous objections and Plaintiffs failed to propose a reasonable apportionment scheme. This is clearly a proper exercise of the Court's authority under Rule 37 because an additional evaluation is required upon submission of the application. As a result, Plaintiffs' contention that the Court was not consistent with its August 9, 2012 statements is not supported and does not warrant reconsideration of Order #119.

### C. Defendants' Counter-Motion for Fees

Rule 37(a)(5)(C) specifically addresses the situation that occurred with respect to Plaintiffs' three motions to compel. It states that if a motion is "granted in part and denied in part, the court <u>may</u>, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." *Id.* (emphasis added). Plaintiffs' Motion for Reconsideration fails to recognize that they were not automatically entitled to a mandatory award of expenses under Rule 37(a)(5)(A), but rather, apportionment of reasonable expenses was appropriate under Rule 37(a)(5)(C) because each motion was granted in part and denied in part. As a result, Defendants' opposition to Plaintiffs' fee application, which included a counter-motion for fees, was proper. Plaintiffs' contention that the Court was confused by Defendants' response requesting fees is not valid. It was not a clear error to consider Defendants' response nor was apportionment unjust under Rule 37(a)(5)(C). Accordingly, reconsideration is not warranted because Defendants filed a counter-motion for fees in response to Plaintiffs' application.

### D. Legal Authority Justifying an Award of Fees

Plaintiffs' misstate a conclusion in the Court's Order regarding the authority for awarding fees and expenses. They state that the Court concluded "that there is no legal authority for Plaintiff's Application." Pls. Mot. 126, 5-6. The Court actually highlighted a deficiency in Plaintiffs' application by noting that they failed to cite any authority under which they applied for

4

fees and expenses. The Court clearly recognized that Rule 37 governs an award of expenses in this situation. What Plaintiffs failed to understand was that Rule 37(a)(5)(C) applied rather than Rule 37(a)(5)(A) because the underlying discovery motions were granted in part and denied in part. As a result, the Court's observation regarding Plaintiffs' lack of citation to the appropriate section of Rule 37 was included in its order to identify the legal authority that supports its decision to apportion expenses.

Moreover, Plaintiffs' argument that the cumulative effect of Defendants' abuse of the discovery process warrants reconsideration is not persuasive. This is not an unusual situation in which ordering Plaintiffs to bear their own expenses is unjust. Plaintiffs did not succeed in obtaining a court order granting the three motions to compel in their entirety. Although Plaintiff highlights Defendants withholding of discovery material, the Court carefully considered this behavior in its prior order. Therefore, Plaintiffs failed to demonstrate that the Court committed clear error or Order #119 was manifestly unjust. The Court properly exercised its authority in accordance with Rule 37 in apportioning expenses. Additionally, the Court will not grant Defendants request for sanctions in the form of the expense incurred for responding to Plaintiffs' Motion.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration of Order #119 (#126) is **denied**.

DATED this 18th day of January, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**