1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SERGEY MKHITARYAN, *et al*.,     )
                                 )
              Plaintiffs,    )     Case No. 2:11-cv-01055-JCM-CWH
                                 )
vs.                            )     **ORDER**
                                 )
U.S. BANK, N.A., *et al*.,       )
                                 )
              Defendants.    )
                                 )

      This matter is before the Court on Plaintiffs' Second Motion to Strike Defendant Dennis Lyon McGee's Answer (#125), filed on December 21, 2012.  The Court also considered Defendant's Response (#135), filed on January 7, 2013 and Plaintiff's Reply (#138), filed on January 17, 2013.

## BACKGROUND

      This action stems from the repossession of Plaintiff Sergey Mkhitaryan's vehicle by Defendant Speedy Recovery, Inc.  The repossession agent, Defendant Dennis Lyon McGee ("McGee"), allegedly trespassed and terrorized Plaintiffs with his baseball bat to complete the repossession.  On August 9, 2012, the Court held a hearing regarding three motions filed by Plaintiffs including: Motion to Compel/Motion for Sanctions Against Defendant Speedy Recovery, Inc. (#52), filed on May 22, 2012, Motion to Compel/Motion for Sanctions Against Defendant Dennis Lyon McGee (#53), filed on May 30, 2012, and Second Motion to Compel/Motion for Sanctions Against Defendant Speedy Recovery, Inc. and Defendant Dennis Lyon McGee (#81), filed on August 1, 2012.  The Court granted in part and denied in part all three motions (#91).  Subsequently, Plaintiff filed two Motions to Compel/Motions for Sanctions (#100 and #109/#110) on September 5, 2012 and September 24, 2012.  On November 29, 2012, the Court granted in part and denied in part both motions.  *See* Order #120.  In this Second Motion to Strike Defendant McGee's Answer, Plaintiffs contend that Defendant McGee's repeated violation of this Court's

1 orders and improper discovery conduct warrant a more severe sanction namely, striking his answer.

2 In response, Defendant McGee argues that he has complied with the Court's orders and no

3 sanctions are warranted.

4 **DISCUSSION**

5 Federal Rule of Civil Procedure 37 governs discovery disputes and sanctions stemming

6 therefrom. In particular, it provides for sanctions against a party that fails to provide discovery as

7 required by a court order. Rule 37(b)(2)(A) states, "If a party . . . fails to obey an order to provide

8 or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is

9 pending may issue further just orders." The Court has broad discretion regarding the type and

10 degree of discovery sanctions it may impose pursuant to Rule 37. *Von Brimer v. Whirlpool Corp.*,

11 536 F.2d 838, 844 (9th Cir. 1976). Rule 37 allows for the authorization of any remedy the court

12 determines is "just" when a party fails to obey a court order. *See Societe International Pour*

13 *Participations Industrielles Et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 207 (1958) (finding

14 dismissal of complaint with prejudice not justified when failure to comply was due to inability); *see*

15 *also Marquis v. Chrysler Corp.*, 577 F.2d 624, 641-642 (9th Cir. 1978) (awarding the payment of

16 reasonable expenses for the failure to obey a court order to produce documents). In appropriate

17 situations, the Court may find that a severe sanction is necessary to prevent some benefit to the

18 sanctioned party. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639,

19 639 (1976) (finding that extreme sanction of dismissal was appropriate due to respondents' flagrant

20 bad faith and their counsel's callous disregard of responsibilities).

21 Plaintiffs' Motion is premised on the argument that Defendant McGee did not comply with

22 the undersigned's Order #120. More specifically, Plaintiffs contend that Defendant McGee did not

23 produce to two items described at the August 9, 2012 hearing that were required to be produced

24 within fourteen days of Order #120 including: (1) a copy of the DD-214 Report for Separation from

25 the military and (2) criminal records. *See Motion #125, 3.*

26 In contrast, Defendant McGee contends that he has complied with Order #120 as evidenced

27 by Defense Counsel's Declaration of Compliance #122, filed on December 11, 2012. *See Def.'s*

28 Resp. #135-2. Defense Counsel contends that a copy of Defendant McGee's DD-214 Report for

2

Separation from the military was provided to Plaintiffs' Counsel on December 11, 2012 and December 27, 2012. *See* Def.'s Resp. #135-3 and #135-4. Additionally, Defense Counsel asserts that Defendant McGee does not have a criminal record, which was confirmed by the Clark County Sheriff's issuance of a "Work Card" and Defendant McGee has stated that he has no "arrest records." Def.'s Resp. #135, 2; Exh. 1, #135-1. Finally, Defense Counsel contends that Plaintiff's Motion violates Local Rule 26-7(b) and Federal Rule of Civil Procedure 37, which require a certification that the party was unable to resolve the matter without Court action after a personal consultation.

### A.    DD 214 Report for Separation

On April 19, 2012, Plaintiffs served Defendant McGee with First Requests for Production, which included a request for his military discharge documents. Specifically, Request for Production Number 15 states, "Please produce a copy of your military discharge documents." *See* Motion #81-3, 8. Defendant objected on the ground that "it seeks to invade the privacy privilege of American citizens, which protects against disclosure of private, confidential matters which are not reasonably related to the civil action, and . . . is not reasonably calculated to lead to the discovery of admissible evidence relevant to the subject matter of this action." *Id.* at 9.

Plaintiffs sought to compel a response to Number 15 in Motions to Compel #53 and #81. At the August 9, 2012 hearing, the Court heard representations from both counsel and granted Plaintiff's Motions with respect to Request for Production Number 15. Defendant McGee was ordered to produce a copy of his military discharge document in a supplemental response. *See* Transcript, 10:38 a.m. Then, after considering Plaintiffs' Motion for Sanctions/Strike Defendant McGee's Answer (#100), the Court again ordered the production of this document in Order #120. Subsequently, Defense Counsel submitted a Declaration of Compliance #122 on December 11, 2012 indicating that Plaintiffs have been provided with a copy of Defendant McGee's military discharge document responsive to Number 15. After careful review, the Court finds that Defendant McGee has complied with this part of the Court's order and no sanctions are warranted.

### B.    Criminal Records

Plaintiffs' First Requests for Production also included several requests related to Defendant

McGee's criminal records.  Request Number 5 states, "Please produce any and all documents that relate to your criminal records in the City of North Las Vegas."  *See* Motion #81-3, 6.  Request Number 6 states, "Please produce any and all documents that relate to, reference, or discuss your criminal records."  *Id.*  Request Number 7 states, "Please produce any and all of your criminal records."  Request Number 8 states, "Please produce a copy of any correspondence you had with anyone concerning your criminal records."  *Id.*  Request Number 9 states, "Please produce any and all documents related to your 2003 citation, detention and/or arrest for any or all of the following: domestic violence, battery, and assault."  *Id.* at 7.  Defendant McGee responded that he "has no responsive documents" to all of these requests.  *Id.*  Additionally, Request Number 10 states, "Please produce any and all documents related to your 2011 citation, detention and/or arrest for any or all of the following: domestic violence, battery, and assault."  *Id.*  Defendant McGee objected on the ground that "it relates to a matter which post-dates the incident referred to in the Amended Complaint and is not reasonably calculated to lead to the discovery of admissible evidence relevant to the subject matter of this action."  *Id.*  Finally, Request Number 18 states, "Produce any and all documents that reference any arrest record, detainment, and criminal citations you may have."  Pl.'s Motion #53, 12.  Defendant McGee responded that he "no longer has possession of a copy of the misdemeanor trespass citation dated July 10, 2010."  *Id.*

Plaintiffs sought to compel discovery related to Defendant McGee's criminal records, specifically Request Number 18, in its Motion to Compel #53.  In doing so, Plaintiffs cited deposition testimony in which Defendant McGee stated that he was arrested for battery in 2003 and he re-ordered documents responsive to his arrest in July of 2011.  Pl.'s Motion #53, 12-18; #53-3, 24, 30-34.  For example, Defendant McGee stated, "I have them now. . . . because of the process I'm going through now, trying to obtain another security clearance because I'm in school, and I'm getting ready for the new hospital over here in Vegas, and I had to obtain that information."  Pl.'s Motion #53, 14.

At the August 9, 2012 hearing, the Court asked Plaintiffs' Counsel if he had copies of Defendant McGee's criminal records and whether they exist.  *See* Transcript, 10:09 a.m.  Plaintiffs' Counsel responded, "I do have copies of some criminal records . . . he has admitted some criminal

4

1  activity at his deposition . . . I was able to obtain from the City of North Las Vegas some of his

2  criminal records." *Id.* at 10:10 a.m.  Additionally, Defense Counsel indicated that he knew of two

3  citations that were never prosecuted to conviction, which would not be "relevant at trial." *Id.* at

4  10:11 a.m.  The undersigned recognized that Defendant McGee is only required to produce those

5  records that he has in his possession under Rule 34 and suggested that criminal records that

6  Defendant McGee does not have in his possession should be obtained though a Rule 45 subpoena.

7  However, the Court ordered "the production of documents in the possession of the Defendant that

8  include arrest records, detainment, or criminal citations, . . . [which] apparently based on the

9  deposition that was conducted, Mr. McGee currently possesses those documents . . . [therefore, he]

10  ought to supplement his response to Number 18 and provide whatever documents he has in his

11  possession." *Id.* at 10:16 a.m.; *see also* Transcript, 10:35 a.m.

12      Subsequently, Plaintiffs filed Motion for Sanctions #100 based, in part, on Defendant

13  McGee's failure to provide a supplemental response as required by the Court at the August 9, 2012

14  hearing.  Defense Counsel's Declaration #105 failed to address Defendant McGee's noncompliance

15  with this part of the Court's Order.  Additionally, the Court noted that Defendant McGee indicated

16  that he has no personal interest in the outcome of this litigation, which excused his lack of

17  compliance with the prior Order #91.  *See* Motion for Sanctions #100-1, 2.  Consequently, the

18  Court ordered Defendant McGee produce the criminal records in his possession responsive to

19  Request for Production Number 18 within fourteen (14) days.  *See* Order #120.

20      Surprisingly, Defense Counsel's response to the motion at issue indicates that Defendant

21  McGee does not have a "criminal record," has no copies of "arrest" records, and represents to the

22  Court under the penalty of perjury that Defendant McGee "does not have a copy of any arrest or

23  criminal records of any kind." Def.'s Resp. #135 1-2 and 135-2, 4.  These statements are

24  inconsistent with Defendant McGee's deposition testimony, under oath, that he has some

25  documents from a 2003 arrest because he re-ordered them in July 2011.  Plaintiffs highlight this

26  deposition testimony and argue that spoliation of evidence has occurred, which warrants striking

27  Defendant McGee's Answer.  The Court is not persuaded by Defense Counsel's evasive response

28  that suggests that Defendant McGee has no criminal records because (1) he signed a statement

5

1    saying he "[h]as not been convicted of a felony or a crime involving moral turpitude, illegal use or

2    possession of a dangerous weapon offense" and a citation of domestic battery was dismissed.

3    #135-1, 2.  At this time, the Court will exercise its discretion and decline to strike Defendant

4    McGee's Answer because Defendant's conduct has not yet risen to the level of flagrant "bad faith"

5    and "callous disregard of responsibilities." *National Hockey League*, 427 U.S. at 639.  However, it

6    will require a Declaration of Compliance signed by Defendant McGee under the penalty of perjury

7    to be submitted to the Court within seven (7) days.  In the Declaration, either Defendant McGee

8    states that he has no documents responsive to Number 18 or states that he has provided all such

9    documents to Plaintiffs' Counsel.  The Court notes that it may recommend striking Defendant

10   McGee's answer if his Declaration demonstrates flagrant "bad faith" and "callous disregard of

11   responsibilities." *National Hockey League*, 427 U.S. at 639.

12          **C.      Personal Consultation Requirement**

13          Plaintiffs contend that they were not required to meet and confer with Defendant prior to

14   filing the instant motion.  In doing so, they cite *Marti v. Baires*, 2012 WL 2029720 (E.D. Cal. June

15   5, 2012), as standing for the proposition that once a court order is entered, the parties should look

16   to the particular order to determine the meet and confer requirements.  Moreover, Plaintiffs contend

17   that a personal consultation was not necessary because the dispute had already been adjudicated,

18   such a consultation would not have been successful, and this Court had not previously penalized

19   Defendant for this issue.  In contrast, Defendant argues that Plaintiffs are subject to Rule 37's meet

20   and confer requirement in addition to Local Rule ("LR") 26-7(b)'s meet and confer requirement for

21   any discovery motion.  Moreover, Defendant contends that this matter could have easily been

22   resolved with a telephone call.

23          The Court finds that Plaintiffs' reliance on *Marti* is misplaced.  *Id.*  Not only are the

24   applicable District of Nevada Local Rules different from those of the Eastern District of California,

25   but the *Marti* court found that the "parties are required to meet and confer in a good faith effort to

26   resolve any discovery disputes."  *Id.* at *26.  Therefore, Plaintiff's Counsel failed to cite any

27   authority that abrogates the meet and confer requirement for a discovery motion brought under Rule

28

37(b).[1]  Moreover, this is a discovery motion subject to LR 26-7(b)'s requirement that Plaintiff's Counsel attach a certification regarding satisfaction of the personal consultation duty.  As a result, the Court finds that the failure to meet and confer must be taken into account when determining the appropriate type of Rule 37(b) sanction.

The Court recognizes that the working relationship between counsel is apparently strained at best.  Nevertheless, counsel are expected to act with diligence and professionalism in complying with the Court's orders.  Instead, the Court finds that Defendant McGee and Defense Counsel have engaged in unnecessary gamesmanship, which has resulted in non-compliance with Order #120 with respect to its requirement to produce Defendant McGee's criminal records.  On the other hand, Plaintiff's Counsel has prematurely brought this dispute to the Court's attention by disregarding the meet and confer requirement for all discovery motions.  Defendant McGee was previously given a less severe sanction for his failure to produce his criminal records as the Court found it unjust to award expenses or fees related to the prior Motion for Sanctions #100.  As a result, the Court now finds it appropriate to order that payment be made to Plaintiffs pursuant to Rule 37(b)(2)(C) for their reasonable expenses including attorney's fees incurred in bringing this motion for sanctions.  Additionally, fairness requires that Defendant McGee be put on clear notice that his continued failure to comply with this Court's orders will invite the sanction that Plaintiffs currently seeks namely, striking Defendant McGee's Answer.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Second Motion to Strike Defendant Dennis Lyon McGee's Answer (#125) is **granted with the following modifications**:

[1] The Court notes that personal consultation is not required prior to a motion for sanctions pursuant to Rule 37(c).  *See Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) ("Any local rule requiring a conference prior to the court's imposition of sanctions under Rule 37(c) would be inconsistent with Rule 37(c) and, therefore, unenforceable."); *see also Dayton Valley Investors, LLC v. Union Pacific R. Co.*, 2010 WL 3829219 (D. Nev. September 24, 2010) (finding Local Rule 26-7(b)'s meet and confer requirement does not apply in a Rule 37(c) motion context).  However, such authority standing for the same proposition in the Rule 37(b) context was not provided by Plaintiffs.

7

1   1  Defendant McGee shall submit a Declaration as outlined above within **seven (7)**

2      **days** of this Order.

3   2.  Defendant McGee and/or Defense Counsel shall pay the reasonable expenses,

4      including attorney's fees, incurred by Plaintiffs in filing this Motion.

5   **IT IS FURTHER ORDERED** that Plaintiffs shall submit an application for costs and fees

6 by close of business on **March 5, 2013**.  Defendant's Response shall be due by close of business on

7 **March 12, 2013**.

8   **IT IS FURTHER ORDERED** that Defendant McGee's failure to comply with this Order

9 may result in a recommendation that his Answer be striken.

10   DATED this 12th day of February, 2013.

11

12      _____

13      **C.W. Hoffman, Jr.**
       **United States Magistrate Judge**

8