1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SERGEY MKHITARYAN, *et al.*,     ) | |
|                              ) | |
|            Plaintiffs,   ) | Case No. 2:11-cv-01055-JCM-CWH |
|                              ) | |
| vs.                               ) | **ORDER AND REPORT** |
|                              ) | **AND RECOMMENDATION** |
| U.S. BANK, N.A., *et al.*,       ) | |
|                              ) | |
|           Defendants.   ) | |

12        This matter is before the Court on Plaintiffs' Third Motion to Strike Defendant Dennis

13 Lyon McGee's Answer (#155), filed on February 21, 2013.  The Court also considered Defendant's

14 Declaration (#156), filed on February 22, 2013, Defendant's Response (#161), filed on March 11,

15 2013, Declaration of Nakesha S. Duncan In Support of Opposition (#163), and Plaintiffs' Reply

16 (#164).  In addition, the Court considered Affidavit of Dennis Lyon McGee (#168), filed on April

17 1, 2013.  This matter is also before the Court on Plaintiffs' Motion for Leave to File Declaration

18 (#169), filed on April 1, 2013.  The Court also considered Defendant's Response (#171), filed on

19 April 5, 2013, and Plaintiffs' Reply (#173), filed on April 15, 2013.  Finally, the Court considered

20 Defendant's Declaration (#174), filed on May 22, 2013.

21                             **BACKGROUND**

22        This action stems from the repossession of Plaintiff Sergey Mkhitaryan's vehicle by

23 Defendant Speedy Recovery, Inc.  The repossession agent, Defendant Dennis Lyon McGee

24 ("McGee"), allegedly trespassed and terrorized Plaintiffs with his baseball bat to complete the

25 repossession.  On August 9, 2012, the Court held a hearing regarding three motions filed by

26 Plaintiffs including: Motion to Compel/Motion for Sanctions Against Defendant Speedy Recovery,

27 Inc. (#52), filed on May 22, 2012, Motion to Compel/Motion for Sanctions Against Defendant

28 Dennis Lyon McGee (#53), filed on May 30, 2012, and Second Motion to Compel/Motion for

Sanctions Against Defendant Speedy Recovery, Inc. and Defendant Dennis Lyon McGee (#81),

1   filed on August 1, 2012.  The Court granted in part and denied in part all three motions (#91).

2   Subsequently, Plaintiffs filed two Motions to Compel/Motions for Sanctions (#100 and #109/#110)

3   on September 5, 2012 and September 24, 2012.  On November 29, 2012, the Court granted in part

4   and denied in part both motions.  *See* Order #120.  On December 21, 2012, Plaintiffs filed a Second

5   Motion to Strike Defendant McGee's Answer (#125) contending that McGee's repeated violation

6   of this Court's orders and improper discovery conduct warranted striking his answer.  On February

7   12, 2013, the Court granted the motion with the modification that McGee's Answer would not be

8   stricken, but rather he would have seven days to submit a declaration of compliance (#152).

9          On February 21, 2013, Plaintiffs filed the instant motion, his Third Motion to Strike

10  Defendant McGee's Answer, claiming that McGee failed to timely submit a declaration by

11  midnight on February 19, 2013.  Plaintiffs contends that given McGee's failure to comply with the

12  Court's Order #152 and the cumulative effect of all his discovery violations, the Court should strike

13  his Answer.  Alternatively, Plaintiffs raise a spoliation of evidence argument based on the

14  deposition testimony that McGee had criminal records and then no longer possessed them as of the

15  most recent Declaration on February 22, 2013 (#156).[1]

16         At issue in the Third Motion to Strike are the same criminal records discussed in the Second

17  Motion to Strike.  In particular, Plaintiffs' First Requests for Production included several requests

18  related to McGee's criminal records.  Request Number 18 states, "Produce any and all documents

19  that reference any arrest record, detainment, and criminal citations you may have."  Pl.'s Motion

20  #53, 12.  McGee responded that he "no longer has possession of a copy of the misdemeanor

21  trespass citation dated July 10, 2010."  *Id.*  Plaintiffs sought to compel discovery related to

22  McGee's criminal records, specifically Request Number 18, in its Motion to Compel #53.  In doing

23  so, Plaintiffs cited deposition testimony in which McGee stated that he was arrested for battery in

24  2003 and he re-ordered documents responsive to his arrest in July of 2011.  Pl.'s Motion #53, 12-

25  18; #53-3, 24, 30-34.  For example, McGee stated, "I have them now. . . . because of the process

26

27         [1] The Court finds that the case-dispositive sanction is justified based on McGee's violation of
    three of the undersigned's orders.  As a result, it will not thoroughly analyze Plaintiffs' alternative theory

28  for striking McGee's Answer related to spoliation of evidence.

1    I'm going through now, trying to obtain another security clearance because I'm in school, and I'm

2    getting ready for the new hospital over here in Vegas, and I had to obtain that information."  Pl.'s

3    Motion #53, 14.

4          Subsequent to the filing of the Third Motion to Strike Defendant McGee's Answer, on

5    January 14, 2013, Leonard T. Fink of Springel & Fink LLP associated with Defense Counsel

6    Eugene Wait ("Wait") (#137).  On March 25, 2013, Leonard T. Fink sought leave of the Court to

7    substitute as counsel for Defendant McGee (#166), which was granted on March 26, 2013 (#167).

8    Finally, Plaintiffs filed a Motion for Leave to File Declaration in Response to Defendant McGee's

9    Affidavit on April 1, 2013 (#169) contending that McGee made another false statement under

10   oath.[2]

11         McGee opposes the Motion to Strike and the Motion for Leave to File Declaration

12   contending that his Declaration was filed timely, his limited responsiveness to the Court's orders is

13   due to his lack of familiarity with court processes, and he is willing to work with his new counsel to

14   comply with the Court's order.  Def.'s Resp. #161.  McGee's February 22, 2013 Declaration

15   indicates that he truthfully represented that he has no documents responsive to Request for

16   Production #18 based on prior Defense Counsel's interpretation of admissible evidence of a

17   criminal conviction under Federal Rule of Evidence 609.  Additionally, Substituted Defense

18   Counsel filed a Declaration on May 22, 2013 indicating that they received criminal records from

19   the North Las Vegas Police Department regarding any and all citations and/or arrest records for

20   McGee on May 17, 2013 and prepared them for production (#174).  Finally, Substituted Defense

21   Counsel oppose Plaintiffs Motion for Leave to File Declaration (#169) contending that it is not

22   based on Plaintiffs' Counsel's personal knowledge so false statements under oath should not be

23   considered as an alternative theory for striking McGee's Answer.

24

25

26

27         [2] As noted above, the Court will not thoroughly analyze the alternative theory for striking
     McGee's Answer based on false statements under oath because it finds that the case-dispositive sanction
28   is justified based on failure to comply with three of the undersigned's orders.

3

1

**DISCUSSION**

2

**I.**      **Timeliness of McGee's Declaration**

3

Plaintiffs contend that McGee failed to timely file a Declaration by February 19, 2013 in

4

compliance with the Court's Order #152.  In response, McGee contends that he should obtain the

5

benefit of the three day extension in Federal Rule of Civil Procedure 6.  Declaration #156, 3.

6

Further, prior Defense Counsel, Wait, indicates that an email copy of Order #152 was not received

7

by McGee until February 16, 2013.  *Id.*  Additionally, Wait states that his office was closed for

8

Presidents' Day on Monday, February 18, 2013.  Therefore, Wait asserts that he timely filed the

9

Declaration on February 22, 2013.  *Id.* at 4.

10

The Court is not convinced by Wait's attempt to remedy the untimeliness of McGee's

11

Declaration by asserting that the three day extension provided by Rule 6(d) applies here.  Order

12

#152 was issued on February 12, 2013 and specified that McGee's Declaration was due within

13

seven days, which means by 11:59 p.m. on February 19, 2013.[3]  Wait is mistaken in his belief that

14

the three day extension applies to the type of deadline at issue here.  The Court finds that the three

15

day extension in Rule 6 does not apply to a court order as it is not the type of document subject to

16

service by counsel or a party as specified in Rule 5(a).  In doing so, the Court is relying on a plain

17

reading of the Rules and the weight of federal authority.  Courts across the United States have

18

consistently found that "[n]either opinions and orders nor judgments are governed by Rule 5."

19

*Stapleton v. Saint Francis Hosp., Inc.*, 2012 WL 208100, *2 (N.D. Okla. Jan. 24, 2012) (finding

20

excusable neglect does not arise where the untimely filing was based on counsel's miscalculation of

21

the deadline or failure to read the rule); *see e.g., Palmyra Park Hosp., Inc. v. Phoebe Putney*

22

*Memorial Hosp., Inc.*, 688 F.Supp.2d 1356, 1359-60 (M.D. Ga. 2010) (finding the Court's entry of

23

judgment was not a paper encompassed by Rule 5(a)(1) and therefore lacked a service requirement

24

making Rule 6(d) inapplicable); *Kyle v. Campbell Soup Co.*, 28 F.3d 928 (9th Cir. 1994) (finding

25

26

_____

[3] This time assumes that McGee was using the Case Management/Electronic Case Filing System

27

in accordance with Special Order #109 and the United States District Court for the District of Nevada's
Electronic Filing Procedures, which specify that deadlines will be at 11:59 p.m. on the date due, unless

28

otherwise ordered.  EFP III(A)(1).

4

1    mistake in adding three days for service by mail to time for motion); *Moore v. Navarro*, 2004 WL

2    783104, fn. 3 (N.D. Cal. 2004) (noting Rule 6(e) applies only where a party is required to do some

3    act within a prescribed period after service rather than when ordered to do so within a specified

4    time of the order); *Mandell v. American Exp. Travel Related Svcs. Co., Inc.*, 933 F.2d 1014 (9th

5    Cir. 1991) (unpublished table decision) (same).  As the Court's Order is not a paper served under

6    Rule 5, then the seven day deadline commenced when the Order was issued, on February 12, 2013.

7    Accordingly, the Court finds McGee's Declaration, which was filed on February 22, 2013, to be

8    untimely.

9            Furthermore, the Court cannot find thatMcGee's inability to comply with a deadline clearly

10   stated in its Order #152 is saved by excusable neglect.  In evaluating excusable neglect, the court

11   considers the following factors: (1) the danger of prejudice to the opposing party, (2) the length of

12   delay and its potential impact on the proceedings, (3) the reason for the delay, and (4) whether the

13   movant acted in good faith.  *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S.

14   380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *see also Ahanchian v. Xenon Pictures, Inc.*, 624

15   F.3d 1253, 1261 (9th Cir. 2010).  Here, the Court finds that factors one, three, and four weigh

16   against finding excusable neglect to excuse the untimely Declaration.  While the delay from

17   February 19, 2013 to February 22, 2013 was relatively short, it prejudiced Plaintiffs in that they

18   filed a motion to enforce the Court's Order.  Additionally, a mistake of law, such as an attorney's

19   mistaken understanding that Rule 6 provides him with three extra days to file a Declaration, has

20   consistently been found to be unexcusable.  *See Palmyra*, 688 F.Supp.2d at 1361-62.  Indeed, Wait

21   failed to cite any legal authority supporting his mistaken calculation of the deadline.  Finally, after

22   carefully reviewing the Declaration that attempts to explain McGee's inadequate response to the

23   Court's Orders, the Court cannot find good faith for the delay.  Wait indicates that McGee has no

24   legal training and his role as a defendant is intrusive to his personal life.  Declaration #156, 4.  The

25   Court is unsympathetic to this excuse.  McGee is represented by counsel who is charged with

26   knowledge of the Court's rules including the simple task of responding to a Court Order.

27   Accordingly, the Court places the most weight on the third factor, reason for the delay, and finds

28   that excusable neglect does not exist for counsel's miscalculation of a deadline.

1

## II.    Supplemental Responses

2         McGee submitted an additional Affidavit on April 1, 2013 in support of his Opposition to

3    Plaintiffs' Motion to Strike (#168).  In his Affidavit, McGee confirmed that during his deposition,

4    he stated that he was in possession of arrest/criminal documents.  Aff. #168, 2.  However, he claims

5    that he was mistaken as to the date because the documents he had referred to a 2005 incident and he

6    was never given an opportunity ro review his deposition testimony.  *Id.*  Furthermore, McGee states

7    that Wait never asked him to provide any criminal records subsequent to his deposition.  *Id.*

8    Similarly, Substituted Defense Counsel contend that Wait never requested the documents from

9    McGee due to his belief that they are inadmissible, irrelevant, and unnecessary.  Def.'s Resp. #161,

10   4.  Wait attempts to argue that there is a distinction between a conviction of a crime and a citation

11   or arrest for a suspected crime; in doing so, Wait contends that McGee's answer that he had no

12   responsive documents was truthful and was not intended to deceive the Court.  *See* Declaration

13   #156, 2-3.  Additionally, Substituted Counsel confirm that Wait never requested the documents

14   referenced in McGee's deposition from McGee and McGee failed to retain the documents after his

15   deposition.  Def.'s Resp. #161, 4.  Nevertheless, Substituted Counsel contend that this behavior is

16   excusable because Plaintiffs are in possession of the documents.

17        The Court finds that these after-the-fact, evasive explanations for McGee's actions merely

18   serve to obscure the truth - McGee failed to comply with multiple court orders.  Previously,

19   McGee, through Wait, indicated that he has no personal interest in the outcome of this litigation,

20   which excused his lack of compliance with the prior Order #91.  *See* Motion for Sanctions #100-1,

21   2.  Although McGee's Affidavit #168 and Response #161 indicate a new willingness to comply

22   with this Court's orders, they do not excuse his conduct.  McGee concedes that he had some

23   criminal documents in his possession when the Court first ordered that they be produced in August

24   based on deposition testimony.  Failure of prior counsel to follow up with his client and obtain the

25   records based on his belief as to their admissibility rather than discoverability is an insufficient

26   justification.  Nor is McGee's conduct justified by Substituted Counsel's reliance on the Rule 45

27   subpoena procedure because the records were requested at the time when McGee possessed them.

28   Indeed, as Plaintiffs highlight in their Reply, McGee has provided this Court with at least ten

6

1  different reasons for failing to comply with its orders.  Pla.s' Reply #164, 11-19 (noting excuses

2  that consist of: no responsive records, not interested, already complied, do not have any criminal

3  records, do not have a copy, Plaintiffs already possess the records, misunderstood term, irrelevant,

4  inadmissible, never told client).  As a result, the Court finds that McGee has engaged in bad faith

5  and callous disregard of his responsibilities.

6  **III.**    **Appropriate Sanction**

7          The broad, underlying purpose of the Federal Rules is to "secure the just, speedy, and

8  inexpensive determination of every action and proceeding."  *See* Fed. R. Civ. P. 1.  It is with that

9  charge as a guide that this Court construes and administers the Federal Rules.  There are several

10  mechanisms whereby the Court can accomplish this goal, such as entering case-dispositive

11  sanctions against a party that fails to comply with the Federal Rules or unnecessarily multiplies the

12  proceedings.

13          For example, Fed. R. Civ. P. 16 is a central pretrial rule that authorizes the court to manage

14  cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the

15  trial is improved, and settlement is facilitated."  *In re Phenylpropanolamine Products Liability*

16  *Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006).  "Subsection (f) puts teeth into these objectives by

17  permitting the judge to make such orders as are just for a party's failure to obey a scheduling or

18  pretrial order."  *Id*.  Rule 16(f) specifically provides that "the court may issue any just orders,

19  including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a

20  scheduling order or other pretrial order."

21          Furthermore, Federal Rule of Civil Procedure 37 governs discovery disputes and sanctions

22  stemming therefrom.  In particular, it provides for sanctions against a party that fails to provide

23  discovery as required by a court order.  Rule 37(b)(2)(A) states, "If a party . . . fails to obey an order

24  to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where

25  the action is pending may issue further just orders."  The Court has broad discretion regarding the

26  type and degree of discovery sanctions it may impose pursuant to Rule 37.  *Von Brimer v.*

27  *Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976).  Rule 37 allows for the authorization of any

28

1   remedy the court determines is "just" when a party fails to obey a court order.[4]  *See Societe*

2   *International Pour Participations Industrielles Et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 207

3   (1958) (finding dismissal of complaint with prejudice not justified when failure to comply was due

4   to inability); *see also Marquis v. Chrysler Corp.*, 577 F.2d 624, 641-642 (9th Cir. 1978) (awarding

5   the payment of reasonable expenses for the failure to obey a court order to produce documents).  In

6   appropriate situations, the Court may find that a severe sanction is necessary to prevent some

7   benefit to the sanctioned party.  *See National Hockey League v. Metropolitan Hockey Club, Inc.*,

8   427 U.S. 639, 639 (1976) (finding that extreme sanction of dismissal was appropriate due to

9   respondents' flagrant bad faith and their counsel's callous disregard of responsibilities)."

10          When sanctions are warranted, the Court must determine the appropriate level or severity of

11  sanctions based on the circumstances of the case.  Generally, a case-dispositive sanction should

12  only be imposed as a last resort.  *See Henry v. Gill Industries*, 983 F.2d 943, 948 (9th Cir. 1993).

13  The Ninth Circuit has constructed a five-part test to determine whether a case-dispositive sanction

14  under Rule 37 (b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the

15  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

16  favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

17  *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir.

18  2007).

19          The test provides the courts with a way to think about what to do rather than a set of

20  conditions precedent for imposing sanctions.  Moreover, the Ninth Circuit has indicated that it is

21  not always necessary for the court to impose less severe sanctions first, or to give any explicit

22  warning that a case-dispositive sanction may be imposed.  *Valley Engineers Inc. v. Electric*

23

24          [4] The Court notes that personal consultation is not required prior to a motion for sanctions
25  pursuant to Rule 37(c).  *See Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175, 1179 (9th
    Cir. 2008) ("Any local rule requiring a conference prior to the court's imposition of sanctions under Rule
26  37(c) would be inconsistent with Rule 37(c) and, therefore, unenforceable."); *see also Dayton Valley
    Investors, LLC v. Union Pacific R. Co.*, 2010 WL 3829219 (D. Nev. September 24, 2010) (finding Local
27  Rule 26-7(b)'s meet and confer requirement does not apply in a Rule 37(c) motion context).

28

1   *Engineering Company*, 158 F.3d 1051, 1057 (9th Cir.1998).  Indeed, the court may consider all of

2   the offending party's discovery conduct when making its determination of the appropriate sanction.

3   *Henry*, 983 F.2d at 947.  However, the disobedient party's conduct must be due to willfulness,

4   fault, or bad faith for a case-dispositive sanction to be appropriate.  *Henry*, 983 F.2d at 947-48

5   (*citing Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1990).

6       Here, Plaintiffs contend that McGee has repeatedly made false statements about his criminal

7   records by indicating that he has no documents responsive to Plaintiffs' Request for Production

8   #18.  Pla.s' Mot. #155, 3.  Further, Plaintiffs assert that McGee's failure to provide his criminal

9   records resulted in prejudice to Plaintiffs in the preparation of their case.  Additionally, Plaintiffs

10  argue that McGee has engaged in bad faith by not complying with three orders by the undersigned

11  Magistrate Judge so a terminating sanction under Rule 37(c) is warranted.  Moreover, Plaintiffs

12  assert alternative grounds for striking McGee's Answer including spoliation of evidence and false

13  statements under oath.

14      McGee's Declaration, untimely filed on February 22, 2013, again states that he has no

15  criminal records responsive to Request for Production #18.  Declaration #156-1.  However, the

16  contemporaneously filed Declaration of Compliance from his prior counsel, Wait, indicates that

17  Wait unilaterally interpreted the words "criminal records" and "arrest records" to avoid producing

18  discovery of McGee's misdemeanor citation.  Declaration #156, 2.  Additionally, Substituted

19  Defense Counsel indicate that they received McGee's criminal records and prepared them for

20  production on May 17, 2013.  Declaration #174, 2.  Nevertheless, these records were ordered to be

21  produced on August 9, 2012 and it was not until May 17, 2013 that it appears as though the Court's

22  Order was followed.  Accordingly, the Court will analyze the relevant factors in deciding whether

23  the severe sanction of striking McGee's Answer is warranted in this case.

24      **1.    Expeditious Resolution of Litigation**

25      "Orderly and expeditious resolution of disputes is of great importance to the rule of law.  By

26  the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly

27  in money, memory, manageability, and confidence in the process."  *In re Phenylpropanolamine*

28  *Products Liability Litigation*, 460 F.3d at 1227.  Here, McGee's behavior is inconsistent with Rule

9

1's directive to "secure a just, speedy, and inexpensive" determination of this action.  In fact, McGee's actions have increased the cost of this litigation, needlessly multiplied these proceedings, and wasted resources of the Court.  The dispute regarding McGee's criminal records took from August 9, 2012 until the current Order to resolve.  Therefore, this first factor weighs in favor of striking his Answer.

### 2. Court's Need to Manage Its Docket

It has long been recognized that the court's inherent power to control its docket includes the ability to issue severe sanctions, such as striking an answer, where appropriate.  *See Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir 1986) (citation omitted).  Indeed, the Supreme Court has noted that case-dispositive sanctions, "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."  *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976).  Here, McGee's evasive and untimely responses appear as though he is ignoring, avoiding, or otherwise refusing to comply with the Court's orders.  His untimely declaration merely recites one statement indicating that he has no criminal records.  However, the Court is unpersuaded that this statement is sufficient to comply with its Order.  Previously, this Court found that based on Defendant McGee's deposition testimony, he had possession of criminal records.  Whether those records were destroyed by Defendant McGee, as his untimely Declaration suggests, is not enough to excuse his wilful failure to comply with the Court's Orders.  Accordingly, McGee's failures have thwarted the advancement of this case making it difficult for the Court to effectively manage its docket.  So, this second factor weighs in favor of striking his Answer.

### 3. Risk of Prejudice

The actions of an opposing party that impair the ability to go to trial or interfere with the rightful decision of the case are prejudicial.  McGee has refused to participate in this case through the willful violation of court orders and failure to comply with his discovery obligations.  These actions are prejudicial as they have impaired the ability of Plaintiffs to prepare for trial.  *See Securities and Exchange Comm'n v. Seaboard Corp.*, 666 F.2d 414, 417 (9th Cir. 1982) (failure to

1   produce documents is sufficient grounds to find prejudice)); *see also Henry* v. Gill Inds., 983 F.2d

2   943, 948 (9th Cir. 1983) (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir.

3   1990) and noting a "defendant suffers prejudice if the plaintiff's actions impair the defendant's

4   ability to go to trial or threaten to interfere with the rightful decision of the case.").  Plaintiffs

5   indicate that they secured McGee's criminal records from the City of North Las Vegas relevant to

6   2006 and 2011 incidents, but were unable to obtain all of his criminal records including a 2005

7   Arrest Record and a 2003 Arrest Record.  Pla.s' Reply #164, 5-6; *see also* Exh. 1, #164-1, 2.  As a

8   result, Plaintiffs contend that two separate bases exist for a case-dispositive sanction, namely,

9   spoliation of evidence and false statements under oath.  *Id*; *see also* Pla.s' Mot. #169, 9.  Moreover,

10   Plaintiffs insist these records are key documents, but do not specify exactly how they are essential

11   to their case although the Court assumes they are relevant to the negligent retention claim.

12          As noted above, Substituted Defense Counsel filed a Declaration on May 22, 2013

13   indicating that they had served the North Las Vegas Police Department with a subpoena to produce

14   any and all citations and/or arrest records for Defendant McGee.  Declaration #174, 2.  Substituted

15   Defense Counsel also indicate that they received the requested records on May 17, 2013 and

16   attached correspondence that indicates they were produced to Plaintiffs on June 5, 2012.  Def.'s

17   Resp. #161, 32: Exh. E.  Further, Substituted Defense Counsel contend that Plaintiffs are not

18   prejudiced because they produced the criminal records in their Fifth Amended List of Witnesses

19   and Production of Documents on March 28, 2012 and Seventh on June 11, 2012.  Def.'s Resp. #

20   161, 5.  Substituted Defense Counsel also insist that Plaintiffs' Counsel's claims of false statements

21   under oath in #169 are not based on personal knowledge and therefore should not be a basis for

22   striking his Answer.

23          McGee has not persuaded the Court that he produced the 2005 Arrest Record referred to in

24   his deposition.  As the Court is unable to determine how essential these documents are for

25   Plaintiffs' preparation for trial and whether they possess all of the documents, it finds that this

26   factor is at least neutral, if not weighing in favor of, the determination regarding whether case-

27

28

1    dispositive sanctions are warranted.[5]

2    **4.    Public Policy**

3    "[T]he public policy favoring disposition of cases on their merits strongly counsels against"

4    case-dispositive sanctions. *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at

5    1228 (citation omitted).  Although this factor may cut against recommending that McGee's Answer

6    be struck, it is not enough to prevent such a recommendation.  Indeed, McGee's willful refusal to

7    participate in the discovery process has made it impossible for the Court to continue the case with

8    reasonable assurance that Plaintiffs would have access to facts that should have been disclosed

9    pursuant to the discovery requests and court orders.

10    **5.    Less Drastic Sanctions**

11    The Court must consider the adequacy of less drastic sanctions before imposing the harsh

12    penalty of a case-dispositive sanction.  Two questions facilitate this analysis: (1) whether the court

13    considered lesser sanctions and their adequacy and (2) whether the court warned the recalcitrant

14    party about the possibility of case-dispositive sanctions. *Connecticut General Life Ins. Co.*, 482

15    F.3d at 1096.

16    The Court finds that McGee's repeated noncompliance with this Court's pretrial discovery

17    orders warrants a case-dispositive sanction.  McGee's failure to comply with the Court's orders is

18    an abusive litigation practice that has interfered with the Court's ability to hear this case by

19    delaying the case, disrupting the Court's timely management of its docket, and wasting judicial

20    resources.  Morever, McGee's actions have threatened the integrity of the Court's orders and the

21    orderly administration of justice; the Court finds that this type of behavior constitutes "bad faith"

22    and "callous disregard of responsibilities." *National Hockey League*, 427 U.S. at 639.  Sanctions

23    less drastic than striking McGee's Answer would be inadequate because he has wilfully refused to

24    comply with multiple court orders and the Federal Rules of Civil Procedure.  In fact, McGee was

25    _____

26    [5] The Court notes that it will consider Plaintiffs' Counsel's Declaration #173, but given Defense
27    Counsel's contention that it is not based on personal knowledge, the Court will not base its
determination of whether case-dispositive sanctions are warranted on the alternative theory of false
28    statements under oath at issue in that Declaration.

12

1   given less severe sanctions for his failure to produce his criminal records on two prior occasions.

2   Specifically, the Court ordered their production at the August 9, 2012 hearing, then found it unjust

3   to award expenses or fees related to the First Motion for Sanctions #100 and again ordered their

4   production, and finally, awarded reasonable expenses including attorney's fees incurred in bringing

5   the Second Motion to Strike #125.[6]  These ascending sanctions failed to ensure compliance with

6   the Court's Orders.  Accordingly, the Court is not persuaded by McGee's argument that less severe

7   sanctions, such as payment of fees, is a suitable sanction.

8          Additionally, the Court provided clear notice to McGee that his continued failure to comply

9   with this Court's orders will invite the sanction that Plaintiffs seek - striking his Answer.  *See* Order

10  #152, 6 (noting that the Court declined to strike McGee's Answer because his conduct had not yet

11  risen to the level of flagrant bad fath and callous disregard of responsibilities).  The Ninth Circuit

12  has emphasized that a pretrial order "is not a frivolous piece of paper, idly entered, which can be

13  cavalierly disregarded by counsel without peril."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

14  604, 610 (9th Cir.1992) (internal quotations and citations omitted).  Disregard of a court order

15  undermines the court's ability to control its docket and rewards the indolent and cavalier.  *Id.*

16  Therefore, this factor weighs in favor of striking McGee's Answer.

17  **IV.    Conclusion**

18         In conclusion, it is clear that McGee failed to file a timely declaration in compliance with

19  this Court's prior Order #152.  Additionally, his untimely Affidavit is not subject to excusable

20  neglect.  Nevertheless, the Court considered his Affidavit and supplemental responses in

21  determining what sanction to impose.  Case-dispositive sanctions are appropriate where four factors

22  support them, or where at least three factors "strongly support" them.  *See Yourish v. California*

23  *Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (citing *Hernandez v. City of El Monte*, 138 F.3d 393,

24  399 (9th Cir. 1998)).  As three factors strongly support striking McGee's Answer - expeditious

25  resolution of the litigation, court's need to manage its docket, and unavailability of less drastic

26

27 _____

28         [6] The Court notes that Plaintiffs did not submit a Motion/Application for Reasonable Attorney
   Fees and Costs.

13

sanctions - the Court recommends that such sanction be imposed.

Based on the foregoing and good cause appearing therefore,

### ORDER

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File Declaration (#169) is **granted**.

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiffs' Third Motion to Strike Defendant Dennis Lyon McGee's Answer (#155) be **granted**.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 11th day of June, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

14