# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SERGEY MKHITARYAN, *et al.*,

    Plaintiffs,

vs.

U.S. BANK, N.A., *et al.*,

    Defendants.

Case No. 2:11-cv-01055-JCM-CWH

**ORDER**

This matter is before the Court on Defendant Dennis Lyon McGee's Motion to Reconsider Order and Report and Recommendation #177 (#182), filed on July 29, 2013.

## BACKGROUND

A lengthy summation of the facts and history of this case is unnecessary as the Court and the parties are familiar with both and they were detailed exhaustively in the undersigned's Report and Recommendation #177. On February 21, 2013, Plaintiffs filed their Third Motion to Strike Defendant Dennis Lyon McGee's ("McGee") Answer, claiming that McGee failed to timely submit a declaration by midnight on February 19, 2013. On June 11, 2013, the Court recommended that Plaintiff's Motion be granted and McGee's Answer be stricken due to his repeated failure to comply with court orders. On July 29, 2013, McGee filed the instant motion requesting reconsideration of the Court's Recommendation based on evidence that his 2005 arrest record is sealed. In doing so, McGee contends that there is newly discovered evidence that addresses a previously unaddressed concern warranting reconsideration.

## DISCUSSION

**I.    Timeliness of the Motion for Reconsideration**

While the Federal Rules of Civil Procedure do not explicitly recognize a petition for rehearing or motion to reconsider, the court has the inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment. *See Sch. Dist. No. 5 v. Lundgren*,

1  259 F.2d 101, 105 (9th Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72
2  (7th Cir. 2006).  Although the undersigned's Report and Recommendation #177 is not a final
3  judgment, the Court looks to Rule 59 to provide the framework for a motion for reconsideration.
4  Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must
5  be filed not later than 28 days after the entry of judgment."
6       The Court finds that this Motion for Reconsideration is untimely.  The Court issued its
7  Report and Recommendation #177 on June 11, 2013.  McGee filed the instant motion on July 29,
8  2013, which is well past the 28 day deadline of July 9, 2013.  In addition, McGee timely filed an
9  objection to the Report and Recommendation #177 on June 25, 2013.  *See* Objection #178.  As a
10 result, the proper method for appealing the undersigned's Report and Recommendation #177 was
11 the objection process.  This motion for reconsideration appears to be an untimely attempt to submit
12 a new argument that will be considered by the District Judge.  Nevertheless, the undersigned will
13 provide an analysis of the Motion for Reconsideration.

14 **II.     Grounds for Reconsideration**

15      The Federal Rules of Civil Procedure do not contemplate reconsideration of interlocutory
16 orders.  *See, e.g.*, Fed.R.Civ.P. 60(b) (specifying that this rule only applies to "a final judgment,
17 order, or proceeding").  However, a district court "possesses the inherent procedural power to
18 reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as
19 it has jurisdiction.  *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th
20 Cir. 2001).  This plenary power derives from the common law, and is not limited by the provisions
21 of the Federal Rules of Civil Procedure, so long as it is not exercised inconsistently with those
22 rules.  *See id.* at 886–87.  Although several districts in the Ninth Circuit have adopted local rules
23 governing reconsideration of interlocutory orders, *see Motorola, Inc., v. J.B. Rodgers Mechanical*
24 *Contractors*, 215 F.R.D. 581, 583–85 (D. Ariz. 2003) (collecting examples), this court has not done
25 so.  Instead, it has utilized the standard for a motion to alter or amend judgment under Rule 59(e)
26 when evaluating motions to reconsider an interlocutory order.
27      The Court's authority to reconsider an order is governed by the doctrine that a court will
28 generally not reexamine an issue previously decided by the same or higher court in the same case.

1  *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). Accordingly, a court has discretion to depart from a prior order when (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 n. 1 (9th Cir. 1999) (en banc)). More specifically, reconsideration of an interlocutory order may be appropriate if (1) the court is presented with newly discovered evidence, (2) has committed clear error, or (3) there has been an intervening change in controlling law. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir. 1985). A motion to reconsider must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. *See Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir.1995); *Khan v. Fasano,* 194 F.Supp.2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment."). Moreover, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890. As the case law indicates, motions to reconsider are granted sparingly. *See, e.g., School Dist. No. 1J*, 5 F.3d at 1263.

Here, the Court finds that McGee has failed to demonstrate that reconsideration is proper. McGee contends that the 2005 arrest record is sealed and thus, not subject to admission at trial or

1    production as part of the discovery process.  As a result, McGee alleges that pursuant to NRS
2    179.285, the 2005 arrest record referred to in his deposition is deemed to have never occurred and
3    therefore, could not prejudice Plaintiffs and negates the need to strike his answer.  McGee further
4    contends that this is not newly discovered evidence, but rather, demonstrates that reconsideration is
5    appropriate to prevent clear error given that the Report and Recommendation #177 was issued
6    based on incomplete or incorrect information regarding this arrest record.

7        The Court is not persuaded that McGee has met his burden to establish a reason justifying
8    relief from the Report and Recommendation #177 for several reasons.  First, this is the first time
9    that this reason for failing to produce McGee's criminal records, despite several court orders, has
10   been articulated.  Defense counsel contends that the evidence of sealing is not newly discovered
11   evidence, but rather, characterizes it as "a previously unaddressed concern."  Def.'s Mot. #182, 7.
12   The Court interprets this to be a new argument against striking McGee's Answer that was not
13   articulated in the briefing for the Third Motion to Strike.  It constitutes newly discovered evidence
14   that, with reasonable diligence, could have been discovered in time for the Court's consideration
15   prior to issuing the Report or Recommendation #177.  Indeed, McGee admits that he did not
16   discover that his 2005 arrest record was sealed until after the Report and Recommendation #177
17   was issued despite this evidence being accessible by subpoena at any time.  *See* Def.'s Mot. #182,
18   7-8.  The linchpin of the Court's Recommendation was McGee's repeated demonstration that he
19   refused to act with reasonable diligence during the discovery process and willfully disobeyed court
20   orders.  McGee's failure to discover that his 2005 arrest record is sealed prior to the issuance of the
21   Report and Recommendation #177 is another example of his failure to act with reasonable
22   diligence during the discovery period.  Accordingly, the Court finds that the sealing of McGee's
23   2005 arrest record is not newly discovery evidence warranting reconsideration.

24       Second, the Court is not convinced that it committed clear error by issuing its Report and
25   Recommendation #177 without knowledge of this sealing information.  In fact, McGee has
26   presented insufficient evidence to establish that his 2005 arrest record is actually sealed.  NRS
27   179.285 details the documentation that a person would receive subsequent to a court order sealing
28   an arrest record including: an official document and written notice.  Here, the only evidence

presented to the Court is the arrest record with a post-it note that states, "sealed." Def.'s Mot. #182, 20. McGee did not provide the Court with an affidavit authenticating the post-it note information nor any official notice from the court that ordered the record sealed. Moreover, the same arrest record has been provided to the Court several times without the post-it note. *See* Def's Mot. #182, 276 and 280; Pla.s' Resp. #131, 52. Therefore, McGee has committed a procedural error in failing to authenticate his evidence. Remedying a party's error is plainly not the objective of the reconsideration process. Moreover, as will be articulated more fully below, the Court did not commit clear error in recommending that McGee's Answer be stricken as at least three of the five factors that weigh in favor of issuing case-dispositive sanctions continue to exist despite this new sealing argument. Accordingly, the Court did not commit clear error and reconsideration is not justified on this rationale.

Third, the Court finds that this is not one of the highly unusual circumstances warranting reconsideration discussed by the court in *School Dist. No. 1J*. 5 F.3d 1255. The Court gave McGee multiple opportunities to comply with its orders. It issued lesser sanctions of ordering him to produce the records, submit a declaration of compliance, and pay reasonable costs and fees. These lesser sanctions failed to deter McGee from violating the Court's orders. Similarly, McGee's attempt to shift the blame to his counsel cannot relieve him of his responsibility to comply with court orders. The mere fact that McGee's prior counsel admitted that he never consulted with McGee to obtain his criminal records or verify his deposition testimony is insufficient to insulate McGee from the Court's authority. Furthermore, the Court finds that Plaintiffs have been prejudiced by McGee's wilful disobedience with its orders. McGee contends that given that this 2005 arrest record is sealed, Plaintiffs were not prejudiced by its lack of production because it is inadmissible at trial. The Court previously rejected McGee's argument as to admissibility during the first hearing on this issue. Since then, Plaintiffs have expended significant time and expense in pursuit of McGee's criminal records, which affected their ability to prepare for trial. The Court has conducted several hearings and this issue has resulted in three motions for sanctions. Moreover, McGee's failure to produce all criminal records has interfered with the public's interest in expeditious resolution of litigation and the court's need to manage its docket. As a result, the Court

1  finds that of the five factors articulated in *Connecticut General Life Ins. Co. v. New Images of*
2  *Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) to determine whether a case-dispositive sanction
3  under Rule 37 is just, at least three factors strongly support striking McGee's Answer.  *See* Rpt. &
4  Rec. #177.  McGee's failure to comply with this Court's orders is an abusive litigation practice that
5  has interfered with the Court's ability to hear this case by delaying the case, disrupting the Court's
6  timely management of its docket, and wasting judicial resources.  Indeed, this issue came before the
7  Court on August 9, 2013, which means that Court has been dealing with the production of McGee's
8  criminal records for almost a year.  As a result, McGee's actions have threatened the integrity of the
9  Court's orders and the orderly administration of justice.  As ascending sanctions failed to ensure
10 compliance with the Court's Orders, the Court was justified in recommending that McGee's
11 Answer be stricken.  A party should not be rewarded for repeated, willful refusal to comply with
12 Court orders by being given a fourth chance to correct its error.  Therefore, the Court finds that
13 McGee has not articulated any grounds warranting reconsideration of the Report and
14 Recommendation #177, which recommended striking his Answer.

    Based on the foregoing and good cause appearing therefore,

### ORDER

**IT IS HEREBY ORDERED** that Defendant Dennis Lyon McGee's Motion to Reconsider Order and Report and Recommendation #177 (#182) is **denied**.

DATED this 30th day of July, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**