1
2
3
4
5

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

6
7
8

SERGEY MKHITARYAN and SUREN
MKHITARYAN,

        Plaintiffs,

v.

U.S. BANCORP, et al.,

        Defendants.

2:11-CV-1055 JCM (CWH)

9
10
11
12
13
14
15

**ORDER**

16      Presently before the court is plaintiffs' motion to reconsider or in the alternative for

17  clarification.  (Doc. # 201).  In that document, plaintiffs included three separate requests for (1)

18  reconsideration/clarification; (2) entry of default; and (3) leave to file for partial summary judgment.

19  (*Id.*).  The clerk immediately notified counsel that, pursuant to special order 109, a separate

20  document must be filed for each purpose.

21      Apparently in response, plaintiffs re-filed the motion and re-titled it as one seeking

22  reconsideration and clarification.  (Doc. # 203).  Defendants have filed a response (doc. # 210) and

23  plaintiffs have replied (doc. # 212).

24      To the extent doc. # 203 is duplicative of doc. # 201, the court denies doc. # 201 as moot.

25  If plaintiffs still wish to move for leave to file and for entry of default, they must file separate

26  motions as indicated by the clerk's notice.

27
28

**James C. Mahan**
**U.S. District Judge**

## I.     Background

The facts of this case have been extensively detailed in prior orders. (*See, e.g.,* doc. ## 177, 186). The court briefly highlights only those facts pertinent to the instant motions.

This case involves the repossession of plaintiffs' vehicle by the defendant repo company, Speedy Recovery Inc., and the individual repo agent, Dennis McGee. During discovery, McGee repeatedly failed to comply with his discovery obligations and the magistrate's orders. The magistrate issued a report recommending that McGee's answer be stricken as a sanction for his misconduct. (Doc. # 177). This court thereafter adopted the report and recommendation in its entirety. (Doc. # 186).

Defendants then filed a motion for clarification as to the separate issues of liability and damages. (Doc. # 188). Defendants sought clarification that striking McGee's answer did not affect his ability to defend against compensatory and punitive damages, and that it did not affect Speedy's ability to defend against both liability and damages. (*Id.*).

Prior to plaintiffs' response deadline, the court granted that motion. (Doc. # 190). The court clarified that "defendant McGee may defend himself against damages only," relying on *In re USA Commer. Mortg. Co.*, 2010 U.S. Dist. LEXIS 127433 (D. Nev. Nov. 12, 2010). The court further clarified that "the sanctions entered against McGee do not affect the ability of defendant Speedy to defend itself against both liability and damages."

## II.     Legal Standard

A motion for reconsideration[1] "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

---

[1] Plaintiffs alternatively seek "clarification" that they may file motions for entry of default and for summary judgment. These are, in reality, veiled motions for leave to file contained within their motion for reconsideration or clarification. This is exactly what the clerk has already advised plaintiffs against doing. The court declines to offer strategic guidance to counsel, and will not comment on these "possible next steps" as such motions are not presently before the court.

James C. Mahan
U.S. District Judge

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).

**III.   Discussion**

Plaintiffs ask the court to (1) reconsider its prior ruling; (2) clarify that they may file for default against McGee; and (3) limit the scope of trial to issues of agency and scope of employment.

With regards to reconsideration, plaintiffs argue that because McGee's answer (which included his affirmative defenses) was stricken, he is not entitled to any trial as to damages. In support, plaintiffs rely primarily on *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406 (9th Cir. 1990).

In *Adriana*, the court entered default against the defendant as a sanction for discovery violations. That defendant argued that it was still entitled to a jury trial on the issue of damages. The court held that "after a default judgment has been entered under Fed.R.Civ.P. 37(b)(2), a party has no right to jury trial under either Fed.R.Civ.P. 55(b)(2), which authorizes a district court to hold an evidentiary hearing to determine the amount of damages, or the Seventh Amendment." *Id.* at 1414. However, the court further indicated that "a default judgment *generally* precludes a trial of the facts *except as to damages*." *Id.* (*citing Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973)(emphasis added)).

Thus contrary to plaintiffs' arguments, *Adriana* does not unconditionally mandate that McGee loses all right to trial. *See id.* at 1414 (citing and quoting *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)(general rule is that upon default, allegations of complaint are accepted as true except as to damages). Instead, it merely stands for the proposition that the court *may*, but is not required to, enter default and hold an evidentiary hearing pursuant to Fed. R. Civ. P. 55. In the instant case, plaintiffs have not moved for default, and their reliance on *Adriana* is, at the very least, premature.

Moreover, the holding in *Adriana* does not invalidate the holding in *In re USA Comm. Mortg. Co*, which this court relied on when it granted defendants' initial motion for clarification. The court

**James C. Mahan**
**U.S. District Judge**

in *In re USA Comm. Mort. Co.* held that although defendants defaulted, they were still permitted to "defend themselves at trial with respect to conduct relevant to punitive damages, because a plaintiff must still prove damages regardless of a defendant's default." *In re USA comm. Mort. Co.*, 2:07-CV-00892-RCJ, 2010 WL 4702341 (D. Nev. Nov. 12, 2010). Specifically, the court held that defendants may defend themselves "at trial with all admissible forms of evidence with respect to (1) the amount of compensatory damages and (2) the amount, and conduct relevant to establishing liability for, punitive damages." *Id.* Although those defendants "forfeited the right to defend themselves as to bare liability for the civil wrongs alleged against them, [defendants were permitted to] defend themselves with respect to oppression, fraud, and malice, because such conduct is an inherent part of the punitive damages claim [p]laintiffs are required to prove, regardless of the default." *Id.* This is still good law.

Both *Adriana* and *In re USA Comm. Mortg. Co.* dealt with post-default consequences. Although McGee's answer has been stricken, default has not been entered and plaintiffs have not moved for such. In any event, the court reads these two holdings as providing the court with the option, but not the obligation, to preclude McGee from defending himself as to damages. The court declines to exercise this option.

**IV.    Conclusion**

Plaintiffs have failed to demonstrate that this court's prior order was clearly erroneous or manifestly unjust, and are therefore not entitled to reconsideration. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). The court reaffirms its prior order holding that McGee may defend against damages and Speedy may defend against liability and damages. Plaintiffs' motion is denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion for motion to reconsider or in the alternative for clarification (doc. # 201) be, and the same hereby is, DENIED as moot.

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

IT IS FURTHER ORDERED that plaintiffs' motion for reconsideration and clarification (doc. # 203) be, and the same hereby is, DENIED.

DATED March 12, 2014.

_____
**UNITED STATES DISTRICT JUDGE**